MEMORANDUM AND ORDER
GESELL, District Judge.
Plaintiff in this action challenges a decision by the Federal Energy Administration (FEA) denying it a retroactive exception from the requirements of the Emergency Petroleum Allocation Act of 1973 (Allocation Act), 15 U.S.C. §§ 751 et seq., and regulations promulgated thereunder. The administrative process has been fully exhausted and this Court’s jurisdiction is properly invoked. The matter is now before the Court on cross-motions for summary judgment, and the issues have been thoroughly briefed and argued. Finding that there are no genuine issues of material fact, the Court hereby grants defendants’ motion for summary judgment and denies the plaintiff’s motion.
The facts are fully set forth in the papers and, since the parties are essentially in agreement, need be only briefly recited here. Plaintiff is and at all relevant times was a “reseller-retailer” of motor gasoline and fuel oil as that term is defined in 10 C.F.R. § 212.31 and preceding regulations, 6 C.F.R. § 150.359 (39 Fed.Reg. 22538, Aug. 22, 1973). It therefore was subject to the price control provision of 10 C.F.R. § 212.-91-212.94 and earlier regulations, 6 C.F.R. § 150.359 (39 Fed.Reg. 27292, Oct. 2, 1973). The specific regulation applicable here provided that a seller of No. 6 residual fuel oil could not charge any price which exceeded the weighted average price at which the product was lawfully priced by the seller on May 15, 1973 in transactions with the class *624 of purchaser concerned, plus an amount which reflected on a dollar-for-dollar basis any increased costs of the product to the seller since that date.
The difficulties that led to the present litigation arose from a contract between plaintiff and the Commonwealth of Pennsylvania under which plaintiff was to supply to the Commonwealth a specified amount of No. 6 residual fuel oil between July 1, 1972, and June 30, 1973. Unfortunately, in setting the price for the contract, plaintiff inadvertently failed to include its delivery cost in the bid. As a result, the contract price was .39 cents per gallon below plaintiff’s cost at the time the agreement was reached and two cents per gallon below cost on May 15,1973, the critical date under the price control regulations. Plaintiff and the Commonwealth subsequently entered into a new contract to begin July 1, 1973, in which the price terms accurately reflected plaintiff’s costs and a reasonable profit. However, the FEA has determined that the price charged under the second contract is in violation of the price control regulations. It is clear that this determination derives from plaintiff’s omission of delivery costs in the first contract and the consequent unprofitable price in effect on May 15, 1973. Recognizing this fact, the FEA granted plaintiff prospective relief by allowing it in the future to charge a price in excess of that calculated by a strict application of the price control regulations. However, it denied plaintiff’s request that such relief be made retroactive, and accordingly ordered plaintiff to refund to the Commonwealth the amount of the overcharge. It is this denial of retroactive relief that is challenged in the instant action.
The standard of judicial review of an FEA order is specified in section 5 of the Allocation Act, which expressly incorporates section 211 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note:
211(d)(1) [N]o order of such agency shall be enjoined -or set aside in whole or in part unless a final judgment determines that such order is in excess of the agency’s authority, or is based upon findings which are not supported by substantial evidence.
Plaintiff seeks to bring itself within both prongs of this standard. It first argues that the FEA acted in excess of its authority by allegedly ignoring certain of the statutory objectives specified in 15 U.S.C. § 753(b)(1) without advancing other policy goals. The agency urges in response that the grant of retroactive exception relief here would have condoned and encouraged violation of the Act and regulations, thereby undermining the effectiveness of voluntary compliance. Plaintiff seeks to rebut-this contention, and also bring itself within the second prong of the standard for judicial review, by asserting that the agency’s position on this point was arbitrary and not supported by substantial evidence in the record.
As a result of the colloquy at oral argument, it appears that the dispositive question is whether the FEA could permissibly conclude that the statutory policy of voluntary compliance would be undermined by granting retroactive relief. The Court finds that this view of its enforcement responsibility was proper and that therefore denial of the relief plaintiff requested will not be overturned. Deference must be shown to the experience and expertise of the FEA in this highly complex and technical field which involves rapidly changing economic and political situations, and the Court is not to substitute its judgment for that of the agency. The decision concerning retroactive relief and the predicted effect of granting such relief were well within the administrative province. No arbitrariness or disregard of congressional mandates has been demonstrated. Even in a case such as this one involving a nonwillful violation, the agency is entitled to place a premium on obedience in order to create an incentive to learn the law. The fact that a valid general rule may cause a hardship in a particular case is no reason for the Court, in effect, to suspend the rule or to order that an exception be made.
No claim is raised by plaintiff that the harm it suffers was caused or aggravated *625 by agency delay. The agency’s consistent policy * that in the absence of such a claim a retroactive exception is to be made only if the financial viability of the firm would otherwise be jeopardized reflects a judgmental balancing of inherently conflicting statutory directives that cannot be disturbed on this record.
For the foregoing reasons, defendants’ motion for summary judgment is granted and plaintiff’s motion is denied.
SO ORDERED.

 See, e. g., Commonwealth Oil Refining Co., Inc., 2 FEA Par. 83,064 (March 12, 1975); New England Petroleum Corp., 2 FEA Par. 83,136 (May 2, 1975).